MARY M. A. BURGESS, RESPONDENT, v. HUBERT C. NOTE-
BOON, APPELLANT.

THADDEUS C. SLAWSKA, RESPONDENT, v. HUBERT C.
NOTEBOON, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. In order to review trial errors the grounds of appeal must set
   out some judicial action complained of. The mere statement of a
   proposition of law or of fact is of no value as a ground of
   appeal.
2. Grounds of appeal must be specific and not general in terms.
   An allegation of error in admission or rejection of evidence,
   charge or refusal to charge, generally, will not be considered.

On appeal from the Supreme Court.

For the appellant, *Robert Peacock*.

For the respondents, *Palmer & Powell*.

The opinion of the court was delivered by

PARKER, J. The plaintiffs, having separate claims as in
trespass *de bonis asportatis* against the same defendant,
joined in one action, presumably under section 4 of the Prac-
tice act of 1912, and each had a verdict and judgment. On
this appeal, submitted on briefs, the argument proceeds for
the most part as though this were an application for new
trial, on the ground that the verdicts were against the weight
of evidence. With this phase of the case we have nothing
to do.

Examining the causes for reversal, twenty-four in num-
ber, we fail to find any error properly brought before us
which would work a reversal.

The first cause for reversal is that the court refused to
admit in evidence a chattel mortgage by the plaintiff Bur-
gess and her deceased husband to the South Jersey Tobacco

Company. We find this incorrect in fact, as the mortgage was admitted.

Causes numbered 2 to 10, inclusive, and number 22, all charge that something was "not shown" or "not proved." Error can be assigned only on some judicial action, and none is indicated by any of them. Hence they are futile. *State* v. *Lavine,* 96 *N. J. L.* 356, 357; *affirmed,* 97 *Id.* 583; *Abbe* v. *Erie Railroad Co.,* 97 *Id.* 212.

The same vice inheres in numbers 16, 17, 20 and 21. Number 16 is that the verdict was against the weight of evidence; 17, 20 and 21 allege matters of fact.

Numbers 18, 19 and 23 allege error generally in admission or rejection of evidence, &c. The rule is settled that such assignments will not be considered. *Valenti* v. *Blessington,* 96 *N. J. L.* 498, and cases cited.

Number 11 is that the "court refused to allow the appellant to introduce in evidence papers of ownership of the slicing machine being one of the subject-matter(s) of said suit." A "contract order" was admitted; this ran in the name of Burgess, deceased. Defendant undertook to show by a paper called a "release to Noteboon" that he, Noteboon, had paid some or all the installments on the machine. This was in no way binding on plaintiff, who claimed under Burgess, and was properly excluded.

Number 12 is based on the exclusion of an assignment of a judgment to Noteboon. The claim is that a levy was made under the judgment on part of the property claimed, and that Noteboon settled with the judgment creditor. We agree with the trial court that this, if admitted, would have proved nothing touching the title to the property, and that was the subject of dispute. So the exclusion was not error.

Number 13 challenges the exclusion of an attachment, and number 14 of a release therefrom. There was no exception in either case.

Number 15 asserts that the court refused to direct a verdict for defendant. Motion was made and refused as to one plaintiff, and the refusal was not excepted to. As to the other defendant, no such motion was made.

The twenty-fourth and last specification alleges error in a certain part of the charge. There was no exception to any part of the charge.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   16.

*For reversal*—None.